ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>RECURRIDO<br><br><br>V.<br><br><br>VÍCTOR MANUEL VELAZQUEZ CAUSSADE<br><br>PETICIONARIO | TA2026CE00526 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Casos Núms.:<br>I1TR202500192<br>I1TR202500193<br><br>SOBRE:<br>ART. 7.02 LEY 22<br>ART. 5.07 LEY 22<br>(MENOS GRAVE) |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 30 de junio de 2026

Comparece ante nos, Víctor Velázquez Caussade, (en adelante, "el peticionario"). Solicita nuestra intervención para que dejemos sin efecto la *"Minuta Resolución,"* notificada el 30 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Añasco. Mediante esta, el foro primario declaró *No Ha Lugar* la *"Moción en Solicitud de Desestimación al Amparo de la Regla (64n) de Procedimiento Criminal,"* presentada por el peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

A continuación, se expone una relación sucinta de los hechos y el trámite procesal que da paso a la presentación del referido recurso discrecional.

## I.

Por hechos presuntamente ocurridos el día 23 de diciembre de 2024, el Ministerio Público presentó denuncias en contra del peticionario.

Los cargos imputados fueron al amparo de los Artículos 7.02 y 5.07 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley 22-2000, según enmendada, 9 LPRA sec. 5202 y 5127. El 20 de noviembre de 2025, el tribunal de instancia determinó causa probable para arresto por los delitos imputados.

Así las cosas, el 5 de febrero de 2026, el peticionario presentó *"Moción en Solicitud de Desestimación al Amparo de la Regla (64n) de Procedimiento Criminal."* En esencia, sostuvo que en el día de los aducidos eventos le leyeron las advertencias en ley y alegadamente fue puesto en arresto, según se desprende del Informe de Choque de Tránsito. Asimismo, expresó, que en el referido día le realizaron pruebas de concentración de alcohol en sangre. Sin embargo, aseveró, que no fue hasta el 12 de noviembre de 2025, que se expidió citación para que compareciera al Tribunal. Ante tales alegaciones, planteó que se le había violentado su derecho a juicio rápido.

En reacción, el 19 de febrero de 2026, el Ministerio Público presentó *"Moción en Oposición a Solicitud de Desestimación al Amparo de la Regla 64(n)."* Expuso, que el derecho a juicio rápido se violenta desde que se activa el mecanismo procesal que puede llevar a la convicción. Argumentó, que en este caso ello sucedió al momento en que el peticionario estuvo sujeto a responder con la determinación de causa probable para arresto. Indicó, que antes de la referida determinación el caso del peticionario solo formó parte de la investigación rutinaria que se suele llevar a cabo para examinar este tipo de hechos. Por consiguiente, arguyó que el proceso investigativo de manera alguna conllevó a que se activara un proceso penal en contra del peticionario. En virtud de lo expuesto, solicitó que se declare *No Ha Lugar* el petitorio de desestimación.

En atención de los escritos presentados, el 25 de marzo de 2026, el foro primario celebró una vista a tenor de la Regla 64(n) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64. Acto seguido, notificó la

*"Minuta Resolución"* que hoy se nos solicita revisar. Mediante esta, declaró *No Ha Lugar* la *"Moción en Solicitud de Desestimación al Amparo de la Regla (64n) de Procedimiento Criminal,"* presentada por el peticionario.

En desacuerdo, el 29 de abril de 2026, el peticionario presentó ante este Tribunal un recurso de *certiorari*. Mediante este, esbozó los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Moción al amparo de la Regla 64 (n) (2) cuando la denuncia fue radicada ante el honorable tribunal trescientos veinticuatros (324) días luego del arresto del peticionario.

> Err[ó] el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Moci[ó]n al amparo de la Regla 64 (n) (2) a pesar de que el Ministerio Publico se rehus[ó] a presentar prueba en la vista evidenciaria requerida a la Regla 64 n de Procedimiento Criminal.

> Err[ó] el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la Moci[ó]n de desestimaci[ó]n presentada por el peticionario a pesar de que el Ministerio Publico nunca demostr[ó] las razones de la duración de la demora; no demostr[ó] las razones para la demora; no demostr[ó] si la demora fue provocada por el acusado o expresamente consentida por éste y tampoco demostr[ó] la existencia de justa causa para la demora ya que no present[ó] ning[ú]n tipo de prueba en la vista evidenciaria.

> Erró el Honorable Tribunal de Primera Instancia al determinar que la citación del acusado fue el 12 de noviembre de 2025 y que los t[é]rminos para la desestimaci[ó]n comienzan a correr desde ese mismo instante violentando el mandato legislativo establecido en el Art[í]culo 7.04 de la ley 22 de tr[á]nsito el cual obliga al agente del Orden P[ú]blico que interviene con una persona en aparente estado de embriaguez a expedir una citaci[ó]n para una vista de determinaci[ó]n de causa probable para arresto en el momento que interviene con dicha persona.

> Err[ó] el Honorable Tribunal de Primera Instancia al determinar que el peticionario no fue puesto bajo arresto el d[í]a de los hechos aun cuando el agente declaro en la vista evidenciaria que el peticionario estaba bajo su custodia y no pod[í]a marcharse del lugar de los hechos.

> Err[ó] el Honorable Tribunal de Instancia al determinar que el peticionario no hab[í]a sido puesto bajo arresto a pesar de que en la vista evidenciaria se admiti[ó] como evidencia el informe de querella en el cual el agente redact[ó] que al acusado se hab[í]a puesto bajo arresto el d[í]a de los hechos 23 de diciembre de 2024.

El 1 de mayo de 2026, el peticionario presentó la trascripción de la prueba oral vertida en la vista celebrada el 25 de marzo de 2026. Por su parte, el 14 de mayo de 2026, el Procurador General presentó su oposición al recurso presentado.

Con el beneficio de la comparecencia de las partes, procedemos a esbozar el derecho aplicable.

## II.

### Recurso de *Certiorari*:

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G**. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

## III.

El peticionario recurre de una resolución interlocutoria que denegó su petición de desestimación al amparo de la Regla 64(n) de Procedimiento Criminal, *supra*. Luego de examinar los parámetros que guían nuestra función revisora, concluimos denegar la expedición del auto de *certiorari* presentado. El recurso radicado no reúne los criterios necesarios para inclinar nuestra discreción a su expedición. La determinación recurrida no es contraria a derecho ni exhibe vicios de parcialidad, prejuicio o error manifiesto.[1] Por lo tanto, a tenor de la Regla 40 del Tribunal de Apelaciones, *supra*, *denegamos* la expedición solicitada.

## IV.

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari* presentado.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Salgado Schwarz disiente con opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] Es meritorio aludir a la decisión emitida por un Panel Hermano en el caso de designación alfanumérica: TA2026CE00076. Lo hechos allí acontecidos son muy similares a los expuestos hoy ante nuestra consideración. En aquel entonces, el Panel Hermano decidió confirmar la decisión del TPI en la que se había denegado una Moción de desestimación al amparo de la Regla 64(n) de Procedimiento Criminal, *supra*.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br>Parte Recurrida<br><br>V.<br><br>VÍCTOR MANUEL VELAZQUEZ CAUSSADE<br>Parte Recurrente | TA2026CE00526 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Añasco<br><br>Caso Núm.:<br>I1TR202500192<br>I1TR202500193<br><br>SOBRE:<br>ART. 7.02 LEY 22<br>ART. 5.07 LEY 22<br>(MENOS GRAVE) |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora

# OPINIÓN DISIDENTE DEL JUEZ CARLOS G. SALGADO SCHWARZ

En San Juan, Puerto Rico, a 30 de junio de 2026

Mis compañeras de estrado sostienen que la determinación del Tribunal de Primera Instancia fue la correcta y que no existe razón por la cual debamos intervenir con la misma. Por no compartir dicho criterio, y entender que no intervenir no solo sería un fracaso a la justicia, sino también representaría una felicitación *sub-silentio* de la desidia procesal de las agencias del orden de nuestro terruño, me encuentro en la obligación intelectual de disentir.

Por los fundamentos que expondré a continuación, expediría el recurso de *certiorari* y **revocaría** la determinación recurrida.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 23 de diciembre de 2024, el Sr. Velázquez estuvo involucrado en un accidente de tránsito en el Municipio

de Mayagüez[1]. El Agente César Félix Orengo ("Agente Félix Orengo") intervino con el Peticionario, le leyó las Advertencias Miranda[2] y lo puso bajo arresto, según se desprende del Informe de Incidentes[3]. Ese mismo día, se le realizó un análisis para determinar el nivel de alcohol en la sangre[4]. Cabe señalar que la muestra de sangre fue recibida en el Departamento de Salud el 28 de enero de 2025 y el análisis toxicológico se completó el 31 de enero de 2025[5].



Posteriormente, el 12 de noviembre de 2025, el Agente Félix Orengo expidió una citación para que el Peticionario compareciera a una vista de causa probable para arresto el 20 de noviembre de 2025[6]. Así las cosas, el 5 de febrero de 2026, el Sr. Velázquez presentó una *Moción en Solicitud de Desestimación al Amparo de la Regla (64N) de Procedimiento Criminal*[7]. En síntesis, el Peticionario señaló que el Estado expidió la citación trescientos veinticuatro (324) días después de ocurridos los hechos, violando así el Artículo 7.02 de la *Ley de Vehículos y Tránsito de Puerto Rico* y la Regla 64 (n)(2) de Procedimiento Criminal. Además, alegó que no existió justa causa para tal dilación. El 19 de febrero de 2026, el Ministerio Público presentó una *Moción en Oposición a Solicitud de Desestimación al Amparo de la Regla 64(N)*. Mediante dicho escrito, el Estado aseguró que el arresto en el caso de epígrafe no se puede considerar como el punto de partida para la computación de juicio rápido.

---

[1] Véase Apéndice II del recurso de *certiorari* en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase Apéndice IV del recurso de *certiorari* en SUMAC.
[3] Véase Apéndice V del recurso de *certiorari* en SUMAC.
[4] Véase Apéndice VI del recurso de *certiorari* en SUMAC.
[5] Véase Apéndice VII del recurso de *certiorari* en SUMAC.
[6] Véase Apéndice VIII del recurso de *certiorari* en SUMAC.
[7] Véase Apéndice X del recurso de *certiorari* en SUMAC.

Lo anterior, debido a que el arresto en casos de embriaguez es un arresto incidental por seguridad. De esta forma, se transporta a la persona de una manera segura a realizarse la prueba de aliento mientras el caso queda en etapa investigativa y posterior consulta con un fiscal para determinar si procede la radicación de cargos. Además, el Estado alega que el término que transcurre cuando una persona no está sujeta a responder, es el término prescriptivo de un (1) año, correspondiente a los casos menos graves.

El 25 de marzo de 2026 se celebró la vista evidenciaria ordenada por la Regla 64(n). En esa ocasión, la Defensa planteó que el caso se radicó de manera tardía, debido a que los términos comenzaron a decursar el día de la intervención. Por su parte, el Ministerio Público alegó que tiene un (1) año para realizar la investigación. Luego de escuchar los argumentos de las partes, el foro recurrido declaró *No Ha Lugar* la solicitud de desestimación presentada por el Peticionario.

Inconforme con la determinación, el 29 de abril de 2026, el Sr. Velázquez acudió ante nos mediante recurso de *certiorari* e hizo los siguientes señalamientos de error:

**PRIMERO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN AL AMPARO DE LA REGLA 64(N) CUANDO LA DENUNCIA FUE RADICADA ANTE EL HONORABLE TRIBUNAL TRESCIENTOS VEINTICUATRO (324) DÍAS LUEGO DEL ARRESTO DEL PETICIONARIO.**

**SEGUNDO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN AL AMPARO DE LA REGLA 64(N)(2) A PESAR DE QUE EL MINISTERIO PÚBLICO SE REHUSÓ A PRESENTAR PRUEBA EN LA VISTA EVIDENCIARIA REQUERIDA A LA REGLA 64(N) DE PROCEDIMIENTO CRIMINAL.**

**TERCERO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE**



DESESTIMACIÓN PRESENTADA POR EL PETICIONARIO A PESAR DE QUE EL MINISTERIO PÚBLICO NUNCA DEMOSTRÓ LAS RAZONES DE LA DURACIÓN DE LA DEMORA; NO DEMOSTRÓ LAS RAZONES PARA LA DEMORA; NO DEMOSTRÓ SI LA DEMORA FUE PROVOCADA POR EL ACUSADO O EXPRESAMENTE CONSENTIDA POR ÉSTE Y TAMPOCO DEMOSTRÓ LA EXISTENCIA DE JUSTA CAUSA PARA LA DEMORA YA QUE NO PRESENTÓ NINGÚN TIPO DE PRUEBA EN LA VISTA EVIDENCIARIA.

CUARTO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE LA CITACIÓN DEL ACUSADO FUE EL 12 DE NOVIEMBRE DE 2025 Y QUE LOS TÉRMINOS PARA LA DESESTIMACIÓN COMIENZAN A CORRER DESDE ESE MISMO INSTANTE VIOLENTANDO EL MANDATO LEGISLATIVO ESTABLECIDO EN EL ARTÍCULO 7.04 DE LA LEY 22 DE TRÁNSITO EL CUAL OBLIGA AL AGENTE DEL ORDEN PÚBLICO QUE INTERVIENE CON UNA PERSONA EN APARENTE ESTADO DE EMBRIAGUEZ A EXPEDIR UNA CITACIÓN PARA UNA VISTA DE DETERMINACIÓN DE CAUSA PROBABLE PARA ARRESTO EN EL MOMENTO QUE INTERVIENE CON DICHA PERSONA.

QUINTO: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL PETICIONARIO NO FUE PUESTO BAJO ARRESTO EL DÍA DE LOS HECHOS AUN CUANDO EL AGENTE DECLARÓ EN LA VISTA EVIDENCIARIA QUE EL PETICIONARIO ESTABA BAJO SU CUSTODIA Y NO PODÍA MARCHARSE DEL LUGAR DE LOS HECHOS.

SEXTO: ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR QUE EL PETICIONARIO NO HABÍA SIDO PUESTO BAJO ARRESTO A PESAR DE QUE EN LA VISTA EVIDENCIARIA SE ADMITIÓ COMO EVIDENCIA EL INFORME DE QUERELLA EN EL CUAL EL AGENTE REDACTÓ QUE AL ACUSADO SE HABÍA PUESTO BAJO ARRESTO EL DÍA DE LOS HECHOS 23 DE DICIEMBRE DE 2024.



El 14 de mayo de 2026, el Ministerio Público presentó su oposición a la solicitud de *certiorari*. Mediante su escrito reafirmó su postura de que los términos de juicio rápido se activan cuando una persona queda formalmente sujeta a responder por un delito. Ante tal planteamiento, alegan que, en el caso de epígrafe, dicho término comenzó a decursar el 12 de noviembre de 2025.

-II-

A. Juicio rápido

El derecho constitucional a un juicio rápido se encuentra consagrado en el Artículo II, Sección 11 de la

Constitución del Estado Libre Asociado de Puerto Rico. Se trata de un derecho fundamental reconocido a los imputados de delito[8]. Este se activa una vez el ciudadano está sujeto a responder; es decir, desde que el juez determina causa probable para arrestar, citar o detener a una persona por haber sido acusado de cometer un delito. Por lo tanto, la protección constitucional se activa cuando se pone en movimiento el mecanismo procesal, que puede culminar en una convicción, cuyo efecto legal es obligar a la persona imputada a responder por la comisión del delito que se le atribuye[9].



La Regla 64(n) de Procedimiento Criminal[10] establece los términos de juicio rápido que rigen cada etapa del proceso penal. El incumplimiento con los términos allí establecidos conlleva que el acusado pueda solicitar la desestimación de la denuncia o acusación[11].

A tales efectos, y en lo pertinente a la controversia ante nos, la Regla 64(n)(2) de Procedimiento Criminal dispone lo siguiente:

> La moción para desestimar la acusación o denuncia, o cualquier cargo de las mismas solo podrá basarse en uno o más de los siguientes fundamentos:
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
>
> (2) Que no se presentó acusación o denuncia contra el acusado dentro de los sesenta (60) días de su arresto o citación si se encontraba bajo fianza o dentro de los treinta (30) días si se encontraba sumariado o si se tratare de un caso en que un magistrado autorizó la radicación de las mismas de conformidad con lo dispuesto en la Regla 6(a)[12].

---

[8] *Pueblo v. Torres Rivera II*, 204 DPR 288, 296-197 (2020).
[9] *Pueblo v. Custodio Colón*, 192 DPR 567, 580-581 (2015).
[10] 34 LPRA Ap. II, R. 64(n).
[11] *Pueblo v. García Colón I*, 182 DPR 129, 141 (2011).
[12] 34 LPRA Ap. II, R. 64(n)(2).

Ahora bien, el mero incumplimiento de la Regla 64(n) de Procedimiento Criminal, *supra*, no constituye, por sí sola, una violación al derecho a juicio rápido. Cónsono con ello, y según se desprende de la propia Regla, los términos en ella dispuestos pueden ser extendidos ante la existencia de justa causa, o cuando la demora ha sido ocasionada por el propio acusado o su consentimiento. El peso de probar que existe alguna de las causas o que el acusado renunció expresa, voluntaria y con pleno conocimiento de su derecho a juicio rápido, recae en el Ministerio Público[13].

De igual forma, la determinación respecto a la existencia de justa causa para la extensión de los términos de juicio rápido debe realizarse caso a caso y dentro de los parámetros de razonabilidad[14].

Así, la jurisprudencia ha definido unos criterios para guiar la discreción de un tribunal en su determinación sobre si, en efecto, se le violentó al acusado el derecho a juicio rápido. Entonces, efectuado el reclamo por el imputado, corresponde al tribunal examinar: (1) duración de la tardanza, (2) razones para la dilación, (3) si el acusado ha invocado oportunamente su derecho y (4) el perjuicio resultante de la demora para el acusado[15]. Ninguno de los criterios mencionados es determinante en la adjudicación del reclamo del acusado. El peso que se le confiera a cada uno de estos está supeditado a las demás circunstancias relevantes que el tribunal viene obligado a examinar[16].



---

[13] *Pueblo v. García I, supra*, pág. 143.
[14] *Pueblo v. Custodio Colón, supra*, pág. 582; *Pueblo v. García Colón I, supra*.
[15] *Pueblo v. Rivera Tirado*, 117 DPR 419, 433 (1986).
[16] *Pueblo v. Valdés et al.*, 155 DPR 781, 792 (2001).

En cuanto al primer factor -duración de la tardanza- el tribunal debe prestar especial énfasis en determinar si la demora fue intencional y opresiva, en cuyo caso queda excluida del concepto de justa causa[17]. En relación con ello, al abordar las razones que provocan la inobservancia de los términos de juicio rápido, es decir, el segundo factor, se han establecido diferencias en cuanto al rigor con el cual estas deben ser evaluadas. Por ejemplo, las demoras institucionales que, de ordinario, son imputables al Estado, y que no tienen de forma alguna el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del imputado[18].

Sin embargo, el hecho de que las demoras no intencionales merezcan un trato más laxo no supone que estas, ausentes otras circunstancias, justifiquen la inobservancia de los términos de juicio rápido. Por lo tanto, en la mayoría de las ocasiones, el factor decisivo para la adjudicación del balance de los criterios recae en la razón para el incumplimiento de los términos de juicio rápido. Entonces, se debe hacer una distinción entre la dilación imputable al acusado, aquella provocada por una actuación intencional del Estado y la tardanza ocasionada por una actuación no intencional del Estado[19].

## B. Ley de Vehículos y Tránsito de Puerto Rico

La *Ley de Vehículos y Tránsito de Puerto Rico*[20] ("Ley de Tránsito") en su Artículo 7.04 especifica las distintas penas correspondientes a la infracción de las

---

[17] *Íd.*, pág. 793.
[18] *Íd.*
[19] *Pueblo v. García Colon I, supra*, pág. 144.
[20] Ley Núm. 22 de 7 de enero de 2000, según enmendada.

conductas punibles precisadas en los Artículos 7.01 al 7.03. En lo pertinente a la controversia ante nos, el inciso (a) de dicho artículo lee como sigue:

Toda persona que viole lo dispuesto en los Artículos 7.01, 7.02 o 7.03 de esta Ley incurrirá en delito menos grave. Cualquier agente del orden público o funcionario debidamente autorizado por ley que haya intervenido con una persona que viole las disposiciones enumeradas en este inciso, expedirá una citación para una vista de determinación de causa probable para su arresto, y no le permitirá que continúe conduciendo y los transportará hasta el cuartel más cercano, donde permanecerá hasta tanto el nivel de alcohol en su sangre sea menor del mínimo permitido por ley o ya no se encuentre bajo los efectos de cualquier droga narcótica, marihuana, sustancias estimulantes o deprimentes, o cualquier sustancia química o sustancias controladas.

-III-



En el caso de epígrafe, el Peticionario alega que el foro de instancia violó los términos de juicio rápido al presentar la denuncia trescientos veinticuatro (324) días luego de su arresto sin que el Ministerio Público demostrara justa causa para la demora. Además, sostuvo que erró el foro recurrido al determinar que el día de los hechos el Peticionario no fue puesto bajo arresto.

Por su parte, el Ministerio Público alega que no se violaron los términos de juicio rápido que señala la Regla 64(n) de Procedimiento Criminal, *supra*, debido a que se encontraban en la etapa investigativa y el Peticionario no estaba sujeto a responder. Respecto a cuándo comienzan a decursar los términos de juicio rápido, el Estado arguye que es desde que se pone el mecanismo procesal en contra de una persona. Sobre este particular, señala que, en los casos de embriaguez, el arresto no se puede considerar como punto de partida para la computación de tales términos debido a que se trata

de un *"arresto incidental por seguridad para poder transportar a una persona de una manera segura a realizarse la prueba de aliento mientras el caso queda bajo la etapa investigativa y posterior consulta por un fiscal para determinar si en efecto hay radicación de cargos"*[21]. Además, sostiene que el tiempo transcurrido antes de la radicación de cargos es el término prescriptivo de un (1) año establecido en el Código Penal para los casos menos graves. No me convence en lo más absoluto.

El 23 de diciembre de 2024, el Agente Félix Orengo detuvo al Peticionario luego de este haber estado involucrado en un accidente vehicular en estado de embriaguez. El mismo día de la intervención, bajo custodia del Agente, el Peticionario fue llevado a una institución hospitalaria y se le extrajo una muestra para determinar el nivel de alcohol en la sangre. Según señalamos anteriormente, los resultados de dicha prueba se obtuvieron el 31 de enero de 2025 y arrojaron .18% de alcohol por volumen en sangre.



Ahora bien, es menester señalar dos aspectos de suma importancia. Primeramente, el Agente Félix Orengo infringió el procedimiento establecido en el Artículo 7.04 de la Ley de Tránsito, toda vez que no expidió una citación sobre vista de determinación de causa probable para arresto al momento de la intervención. En segundo lugar, a pesar de que el Estado obtuvo los resultados de la prueba toxicológica el 31 de enero de 2025, no fue hasta el 12 de noviembre de 2025, <u>más de nueve meses</u>

---

[21] Es importante notar que un arresto, sea incidental o no, para seguridad o no, no es un paseo de placer a una institución, sea hospitalaria o al cuartel policiaco más cercano. El ponerle de apellido de incidental al arresto no lo hace menos arresto.

*después*, que el Peticionario fue citado a comparecer ante un magistrado.

Si bien es cierto que los términos de juicio rápido pueden ser extendidos ante la existencia de justa causa, del expediente de epígrafe no surge razón alguna que justifique la demora en controversia. La maquinaria procesal se puso en marcha desde el momento en que el Peticionario fue puesto bajo la custodia del Agente Félix Orengo y llevado a una institución hospitalaria para la toma de la muestra de sangre. Por lo tanto, fue en ese momento que se activó la protección constitucional al juicio rápido. Además, resulta menester señalar que la prueba necesaria para determinar si el Peticionario infringió el Artículo 7.02 de la Ley de Tránsito fue obtenida en enero de 2025. Esperar nueve (9) meses para presentar la Denuncia en cuestión, es una muestra de falta de diligencia por parte del Ministerio Público. Falta de diligencia que le causó al Peticionario ansiedad, afectó su estabilidad personal, paralizó proyectos y le generó gastos económicos para su defensa.

En fin, concluimos que la dilación fue excesiva, el Ministerio Público no demostró justa causa para la demora, el Peticionario invocó su derecho a juicio rápido oportunamente y demostró perjuicio real y sustancial. A tenor con lo anterior, incidió el foro de instancia al no decretar la desestimación de la denuncia presentada contra el Sr. Velázquez. En consecuencia, procede dejar sin efecto la Resolución recurrida y desestimar la denuncia presentada en contra del Peticionario. Resolver lo contrario implicaría premiar la desidia de la parte recurrida.

-IV-

A la luz de los fundamentos antes expresados, a diferencia de mis hermanas en el sacerdocio, **expediría** el auto de *certiorari* y **revocaría** la determinación recurrida. Dicha determinación establece un nefasto proceder de nuestro Tribunal de Primera Instancia de no ponerle el cascabel al gato y detener la práctica de sentarse en los expedientes indefinidamente y el vil intento de intentar "salvar el semestre" cuando se acerca algún término prescriptivo. No existe justificación alguna para la dilación y desidia desplegada por la Policía de Puerto Rico y el Departamento de Justicia en este caso. Este magistrado tampoco va a quedarse callado.

**Disiento.**

**Carlos G. Salgado Schwarz**
**Juez de Apelaciones**